■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WESLEY LAWSON, Respondent, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— In a habeas corpus proceeding instituted by a prisoner confined pursuant to a judgment convicting him of rape in the first degree on a plea of guilty and sentencing him to an indeterminate term of from one day to life (Penal Law, §§ 2189-a, 2010), the People appeal from an order of the Supreme Court, Westchester County, dated December 21, 1959, sustaining the writ and remanding the relator for resentence to the County Court of Queens County. Order reversed on the law, petition and writ dismissed, and relator remanded to Sing Sing Prison to complete the sentence originally imposed. The relator, against whom charges of rape and burglary were pending, ·was committed by the Felony Court of Queens County to a city hospital for mental examination. He was there examined by two psychiatrists who submitted a report to the said Felony Court. Thereafter, the relator was indicted for the crimes of burglary in the first degree, petit larceny, rape in the first degree, assault in the second degree and violation of section 483 of the Penal Law. He pleaded guilty to rape in the first degree. Prior to the imposition of sentence the County Court Judge gave full consideration to the presentence probation report and to the report of the psychiatric examination addressed to the Felony Court. Assuming that technical compliance with all the prescribed statutory requirements as to the psychiatric examination and as to the psychiatric report (Penal Law, § 2189-a; Code Crim. Pro., §§ 659, 660), would require the psychiatric examination to be held after a finding, by plea or jury verdict of guilty, nevertheless, the sentencing court had jurisdiction since there was substantial compliance with the essential requirements of the statutes (*People* v. *Alvich*, 7 N Y 2d 125). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ NEAL SHOOPAK, Appellant, v. UNITED STATES RUBBER COMPANY, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, entered January 16, 1959, as granted the motion of defendant United States Rubber Company to dismiss the second cause of action alleged in the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J.; Ughetta, Christ, Pette and Brennan, JJ., concur. [17 Misc 2d 201.]